

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00209-CV

_____

IN RE: THE COMMITMENT OF LARRY ROY TOW

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. CDC4-S-14660-20

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Larry Roy Tow appeals from the judgment declaring him to be a sexually violent predator (SVP) and civilly committing him for treatment. In his sole issue, Tow argues that the evidence is legally insufficient to support the finding that he is a repeat sexually violent offender. We affirm.

In 2020, the State petitioned to civilly commit Tow. The petition alleged that Tow was a repeat sexually violent offender, in that he had been convicted of four sexually violent offenses committed between 1992 and 1994, and that he suffered from a behavioral abnormality that made him likely to engage in further predatory acts of sexual violence.

Two witnesses testified at the jury trial, the first of whom was Tow. He admitted the details of the offenses, which were two convictions for aggravated sexual assault of a child under 14 and two convictions for indecency with a child by sexual contact. The State introduced the judgments and supporting documentation for each of the convictions, and Tow conceded that he had turned himself in, pleaded guilty, been convicted, and been sentenced to prison for the offenses.

The second witness was Antoinette McGarrahan, an expert who testified that Tow suffered from a behavioral abnormality. McGarrahan discussed her forensic risk assessment of Tow, through which she had determined that he had an above-average risk to reoffend based on several risk factors, such as his use of sexual violence and his victimization of children to whom he was close.

2

At the close of the evidence, the trial court granted a partial directed verdict on the element of whether Tow was a repeat sexually violent offender. The trial court submitted the remaining element of behavioral abnormality to the jury, and the jury found that element beyond a reasonable doubt.

On appeal, Tow does not dispute the jury's finding of a behavioral abnormality. Tow solely challenges the directed verdict that he was a repeat sexually violent offender. He maintains that to establish this element, the State should be required to prove that he reoffended after being released from prison. Only then, Tow says, would he be the sort of true recidivist at which the statute is directed. And since it is undisputed that each of his convictions was rendered in June 1996 and that he has not since been released from prison or reoffended, he contends that the trial court erred in granting directed verdict on this element.

A directed verdict is proper only under limited circumstances: (1) when the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent or (2) when the evidence is insufficient to raise a material fact issue. *Farlow v. Harris Methodist Fort Worth Hosp.*, 284 S.W.3d 903, 919 (Tex. App.—Fort Worth 2009, pet. denied). In reviewing a directed verdict, we follow the standards for assessing legal sufficiency of the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We examine the evidence in the light most favorable to the person suffering an adverse judgment and decide whether there is any evidence of probative

value to raise an issue of material fact on the question presented. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011) (op. on reh'g).

The SVP statute provides a civil-commitment procedure for the long-term supervision and treatment of sexually violent predators. *In re Commitment of Stoddard*, 619 S.W.3d 665, 669 (Tex. 2020) (citing Tex. Health & Safety Code Ann. § 841.001). A "sexually violent predator" is a repeat sexually violent offender who suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. *Id.* (citing Tex. Health & Safety Code Ann. § 841.003(a)). "Repeat sexually violent offender" is a defined term for which a person qualifies if he "is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses." *Id.* at 669 n.1 (citing Tex. Health & Safety Code Ann. § 841.003(b)).

In his trial testimony, Tow confirmed his four convictions, two for aggravated sexual assault and two for indecency, and explained how he committed the offenses. The judgments of conviction were introduced into evidence, together with fingerprints verifying Tow's identity as the guilty party. The judgments reflected that a prison sentence was imposed for all four convictions, and Tow explained that he had finished his prison term for the indecency offenses but was still serving his sentences for the aggravated sexual assaults. By statutory definition, all four of Tow's convictions were sexually violent offenses. *See* Tex. Health & Safety Code Ann. § 841.002(8)(A). This would seem to conclusively prove that Tow was convicted of more than one sexually

4

violent offense and that a sentence was imposed for at least one of the offenses, which is all that the statute's plain text requires in order to prove that Tow was a repeat sexually violent offender. *See id.* § 841.003(b).

Tow demands more. He asks us to impose an additional element on the State's burden: to prove that one of the offenses was committed after punishment for another offense. However, "no court has the authority, under the guise of interpreting a statute, to engraft extra-statutory requirements not found in a statute's text." *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 305 (Tex. 2019). Thus, arguments identical to Tow's have consistently been rejected dating back to 2010: "The applicable portion of section 841.003 does not indicate that the offenses must have occurred in a certain sequence, or that they must have occurred on different days." *In re Commitment of Hall*, No. 09-09-00387-CV, 2010 WL 3910365, at *3 (Tex. App.—Beaumont Oct. 7, 2010, no pet.) (mem. op.). All courts that have considered the question, including this court, have determined that there need not be a progression from offense to punishment to offense before the SVP statute may be satisfied. *See In re Commitment of Thompson*, No. 06-20-00024-CV, 2020 WL 6066205, at *3 (Tex. App.—Texarkana Oct. 15, 2020, pet. denied) (mem. op.); *In re Commitment of Eddings*, No. 02-19-00290-CV, 2020 WL 3730738, at *14 (Tex. App.—Fort Worth July 2, 2020, pet. denied) (mem. op.); *In re Commitment of Smith*, 562 S.W.3d 800, 804 (Tex. App.—Amarillo Nov. 7, 2018, no pet.).

The State conclusively proved that Tow was a repeat sexually violent offender, and Tow's argument concerning the sequence of his offenses and punishment does not

5

show otherwise.  The directed verdict on this element was therefore proper.  *See Farlow*, 284 S.W.3d at 919.  We overrule Tow's sole issue.

We affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  February 24, 2022